# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TEREZ COOK,

    Plaintiff,

    v.                                                                                 Case No. 09-cv-00087

ANTHONY O'NEILL and TODD BALDWIN,

    Defendants.

## DECISION AND ORDER

    The plaintiff, Terez Cook, a Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding in forma pauperis on Fourth Amendment claims that the defendants entered his home without his consent and that they arrested and detained him without probable cause. The plaintiff has filed a motion for summary judgment and the defendants have filed a cross-motion for summary judgment. These motions will be addressed herein.

    The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. §636(b)(1)(B) and General Local Rule 72 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

### SUMMARY JUDGMENT STANDARD

    Summary judgment "should be rendered if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The burden of showing the needlessness of trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. However, when the nonmoving is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 267; see also, Celotex Corp., 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleading themselves . . ."); Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial"). "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322 (emphasis added).

The fact that both parties have moved for summary judgment, claiming that there are no genuine issues of material fact does not establish that a trial is unnecessary or empower the court to enter judgment as it sees fit. See 10A Charles Alan Wright, et al. § 2720 at 327-28 (3d ed. 1998). The court may grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law on the basis of the undisputed material facts. See Mitchell v. McCarty, 239 F.2d 721, 723 (7th Cir. 1957). The fact that one party fails to satisfy that burden on its own motion does not automatically indicate that the opposing party has satisfied its burden and must be granted summary judgment on the other motion. See 10A Charles Alan Wright, et al. § 2720 at 335.

## **RULES REGARDING PRO SE LITIGANTS**

In pro se litigation, when the represented party files a motion for summary judgment, that motion must include a short and plain statement that any factual assertion in the movant's affidavits and documentary evidence will be accepted as true unless the pro se litigant submits his own affidavits or other documentary evidence contradicting the factual assertions. Civil L. R. 56(a) (E.D. Wis.); see also, Timms v. Frank, 953 F.2d 281, 285 (7th Cir. 1992) (all pro se litigants should receive a plain-English notice that explains the consequences of failing to respond to a summary judgment motion). Additionally, the text of Federal Rule of Civil Procedure 56(e) and (f), Civil Local Rule 56(a) and (b), and Civil Local Rule 7 must be part of the motion. Civil L. R. 56(a) (E.D. Wis.).

In this case, the defendants filed a motion for summary judgment and did not provide the plaintiff with the text to the specified rules, nor did their motion include the short and plain statement set forth above. The court notes that four days before the defendants filed their motion for summary judgment, the plaintiff filed his own summary judgment

motion, consisting of a motion, supporting brief, affidavits, and proposed findings of fact. Thus, it could be argued that the plaintiff did not suffer prejudice based on the defendants' failure to provide the required notice. If a pro se litigant suffers no prejudice due to lack of notice, the court may still entertain the summary judgment motion and the failure to give proper warnings may be excused. See Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994); Timms, 953 F.2d at 286 (7th Cir. 1992). The plaintiff's response to the defendants' motion for summary judgment consists of a response brief and a response to the defendants' proposed findings of fact. However, these documents are not signed and, therefore, they will not be considered. See Fed. R. Civ. P. 11(a).[1] Accordingly, the court cannot conclude that the defendants' failure to provide the required notice to the plaintiff did not prejudice him.

Therefore, the defendants' motion for summary judgment will be denied without prejudice. The defendants will be provided an opportunity to re-file their motion, if they so chose. Such motion must be filed on or before August 24, 2010, and include the notice and documents required under Civil Local Rule 56(a).

**RELEVANT UNDISPUTED FACTS**[2]

The plaintiff was staying at an apartment with Stacy Thede in Sheboygan,

---

[1] Rule 11(a) provides:

(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

[2] Facts are taken from the Plaintiff's Proposed Findings of Fact to the extent they are not disputed.

Wisconsin, at all times relevant.[3] He is currently incarcerated at the Waupun Correctional Institution. Defendants Anthony O'Neill and Todd Baldwin are detectives employed by the Marinette County Sheriff's Department.

On May 31, 2005, the defendants arrived at 4223 Autumn Court, Sheboygan, Wisconsin, to speak with Ms. Thede in the investigation of a felony crime. Upon arrival, the defendants rang the buzzer to Ms. Thede's apartment and she "buzzed-in" the defendants, allowing entry into the apartment building hallway. Ms. Thede met the defendants in the hallway and they said they wanted to speak with her. She agreed to speak with the defendants, however she indicated she would have to return to her apartment to get properly dressed. After Ms. Thede returned to her apartment, the plaintiff, who was in the bedroom, asked her in a loud voice who was at the door. Ms. Thede then entered her bedroom and told the plaintiff that police officers were there and that they wanted him to come out of the bedroom so they could speak with him. The plaintiff told Ms. Thede to tell the police officers that he did not want to speak with them and instructed her not to let them into the apartment.

Ms. Thede and the plaintiff then exited the bedroom and as they did so, they were observed by the defendants who were peering in through the partially opened door to the apartment. Defendants O'Neill and Baldwin then immediately entered the apartment and ordered the plaintiff to come over to them and identify himself. Upon learning the plaintiff's identity, he was placed under arrest by two officers from the Sheboygan Police

---

[3] Stacy Thede, the plaintiff's fiancé, was dismissed as a plaintiff in the lawsuit on August 12, 2009, for failure to pay the partial filing fee. The parties dispute whether the plaintiff resided at the apartment with Ms. Thede or whether he was just visiting. This dispute is not relevant to a determination of the pending motion.

- 5 -

Department, who had accompanied the defendants to the apartment.

After the plaintiff was arrested, Ms. Thede gave law enforcement officers consent to search the apartment. After receiving consent to search, law enforcement officers searched the apartment and removed several of the plaintiff's personal property items, including written music lyrics, a head band, a cellular phone, t-shirts, and a hat.

## ANALYSIS

In support of his motion for summary judgment, the plaintiff contends that: (1) the defendants violated his rights under the Fourth Amendment when they entered the apartment without consent; (2) his Fourth Amendment rights were violated when he was arrested as a result of his identity being discovered after an illegal entry into the apartment; and (3) the defendants violated his rights under the Fourth Amendment when they gained consent to search the apartment and seized his personal property after an illegal entry.

In response, the defendants contend that the plaintiff is not entitled to summary judgment because Ms. Thede consented to entry into her apartment by the defendants. The defendants also contend that probable cause and exigent circumstances existed for entry into the apartment. The defendants further contend that summary judgment is not proper on the plaintiff's claim for improper arrest because the arrest was not made by the defendants, and that summary judgment is not proper on a search claim because Ms. Thede consented to a search of her apartment.

Generally, a warrantless entry of a person's home and any subsequent seizures are invalid unless supported by exigent circumstances. Sheik-Abdi v McClellan, 37 F.3d 1240, 1243-44 (7th Cir. 1994). Warrantless searches will be allowed when police have a reasonable belief that exigent circumstances require immediate action and there is not time

to secure a warrant. Michigan v. Tyler, 436 U.S. 499, 509 (1978); United States v. Webb, 83 F.3d 913, 916 (7th Cir. 1996). The Supreme Court has characterized the following circumstances as exigent circumstances: hot pursuit of a fleeing felon; to prevent the imminent destruction of evidence; to prevent a suspect's escape; or to address the risk of danger to the police or to other persons inside or outside the dwelling. Minnesota v. Olson, 495 U.S. 91, 100 (1990).

The parties dispute whether Ms. Thede left her front door open when she entered her apartment after meeting the defendants in the hallway. According to the defendants, Ms. Thede entered her apartment and left the door ajar. According to the plaintiff, Ms. Thede entered her apartment leaving the defendants in the hallway and closed the door to her apartment. In addition, Ms. Thede avers that after she returned to her apartment and closed her door, she observed one of the defendants partially open her door so the officers could see inside. The parties also dispute what happened after the plaintiff and Ms. Thede left the bedroom. According to the defendants, Ms. Thede let them into the apartment where they then talked to the plaintiff. According to the plaintiff, the defendants immediately entered the apartment through the door and ordered the plaintiff to come over to them and identify himself. The plaintiff further avers that at no time did he or Ms. Thede give consent or permission for the law enforcement officers to enter the apartment.

The parties dispute whether Ms. Thede consented to allow the defendants' entrance into the apartment. Therefore, this issue cannot be resolved on summary judgment. The defendants also argue that exigent circumstances existed to allow their entrance regardless of whether Ms. Thede consented. However, this argument, which is fully developed and supported by evidentiary materials in the defendants' summary judgment

- 7 -

Case 2:09-cv-00087-PJG   Filed 08/05/10   Page 7 of 8   Document 38

motion, is not fully developed or supported in their response to the plaintiff's motion for summary judgment. Accordingly, the plaintiff's motion for summary judgment will be denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for summary judgment (Docket #18) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket #25) be and hereby is **denied without prejudice**.

**IT IS ALSO ORDERED** that the defendants may re-file their motion for summary judgment on or before **August 24, 2010**. The motion must include the notice and documents required under Civil Local Rule 56(a).

**IT IS FURTHER ORDERED** that the plaintiff shall file a response to the defendants' motion for summary judgment within 30 days of receipt of the defendants' motion. The plaintiff is advised that failure to sign his papers may result in such papers being disregarded by the court.

Dated at Milwaukee, Wisconsin this 5th day of August, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge