# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TEREZ COOK,

       Plaintiff,

      v.                                      Case No. 09-CV-87

ANTHONY O'NEILL,
and TODD BALDWIN,

       Defendants.

## DECISION AND ORDER

     The plaintiff, Terez Cook, a Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. This matter is before the court on the defendants' motion for summary judgment.

     The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to General Local Rule 3(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

## I. BACKGROUND OF THE CASE

     The plaintiff was granted leave to proceed in forma pauperis on Fourth Amendment claims that the defendants entered his home without his consent and that he was arrested and detained without probable cause. The parties filed cross-motions for summary judgment and on August 5, 2010, the court denied the plaintiff's motion for summary

judgment. In addition, the court denied without prejudice the defendants' summary judgment motion based on their failure to include the notice and documents required under Civil Local Rule 56(a) to the pro se plaintiff. The defendants re-filed their motion for summary judgment on August 10, 2010, in compliance with the court's Local Rules.

On March 7, 2011, the court denied the defendants' motion for summary judgment. Specifically, the court found that there was a factual dispute regarding whether the defendants had consent to enter Ms. Thede's apartment. The court concluded that: (1) the defendants did not establish that exigent circumstances justified their warrantless entry in Ms. Thede's apartment; (2) whether there was probable cause to arrest the plaintiff could not be resolved at summary judgment, given the factual dispute as to whether the defendants had consent to enter Ms. Thede's apartment; (3) whether the defendants had consent to search Ms. Thede's apartment could not be resolved at summary judgment, given the factual dispute as to whether the defendants had consent to enter Ms. Thede's apartment; and (4) the factual disputes in the case precluded granting the defendants qualified immunity. In addition, the court stayed this case pending outcome of the state criminal case against the plaintiff, Marinette County Case Number 2005-CF-117, and ordered that either party could move to lift the stay after completion of the plaintiff's state court case.

On May 14, 2013, the court granted the plaintiff's motion to reopen this case based on the completion of his state court case. The court held a telephone status conference on June 12, 2013, and counsel for the defendants requested leave to file a dispositive motion regarding whether Heck v. Humphrey, 512 U.S. 477 (1994), bars the plaintiff's claims in this action. Based on the discussions at the conference, the court set a

- 2 -

dispositive motion filing deadline for July 31, 2013, which did not limit the dispositive motion to whether the plaintiff's claims were Heck-barred. The defendants' summary judgment motion is fully briefed and will be addressed herein.

## II. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

## III. RELEVANT UNDISPUTED FACTS[1]

At all relevant times, defendants Anthony O'Neill and Todd Baldwin were employed by the Marinette County Sheriff's Department as detectives. This case arises out of a May 31, 2005, incident that occurred at 4223 Autumn Court, Sheboygan, Wisconsin. The factual basis for the plaintiff's claim is centered on incidents occurring immediately before the plaintiff's arrest at that location.

---

[1] Facts are taken from the Proposed Findings of Fact Filed in Support of the Defendants' Motion for Summary Judgment, filed July 31, 2013, and the defendants' materials filed in support of summary judgment. The Plaintiff's Response to the Defendants' Proposed Findings of Fact is unsigned. It appears that the signature page is missing. However, the court will consider the plaintiff's filing at summary judgment because it cites to evidentiary materials in the record. Additionally, the plaintiff's response brief supports, and is consistent with, his Response to the Defendants' Proposed Findings of Fact.

- 3 -

On May 22, 2005, Marinette County Sheriff's Department Detective Todd Baldwin was called to investigate a home invasion and armed robbery that had happened that night in Peshtigo, Wisconsin. The crimes were committed at gun point and a family had been bound and their dog shot. Detective Baldwin and Detective O'Neill investigated the aforementioned crime and determined that the primary suspects were two black males, one named John Egerson and the other who went by the street name "BN" or "Rex," and who ultimately turned out to be the plaintiff, Terez Cook. John Egerson was arrested on May 23, 2005, when he returned to Marinette County. After the arrest of Egerson, the investigation focused on locating the other suspect, BN/Rex.

On May 26, 2005, Detectives Baldwin and O'Neill received telephone records by subpoena which they believed were for BN/Rex's cell phone and which showed cell phone records listed to Stacy L. Thede of 4223 Autumn Court, Apt. E-106, Sheboygan, Wisconsin. On May 31, 2005, Detectives Baldwin and O'Neill drove to Sheboygan to speak to Stacy Thede about the cell phone records, with the hope that these records would help them find BN/Rex. On that date, Detectives Baldwin and O'Neill, as well as a detective and a uniformed police officer with the Sheboygan City Police Department, went to Ms. Thede's apartment in Sheboygan, Wisconsin.

When the four officers arrived at the apartment building, they rang the buzzer and the door unlocked. They then entered the building and Ms. Thede met them in the hall. When she was asked, Ms. Thede answered that her name was "Stacy Thede" and that someone named "News" was in her apartment. Detectives Baldwin and O'Neill believed that the person identified as "News" might be the suspect, BN ("Bad News").

The officers entered the apartment and after the plaintiff was identified, the

- 4 -

Sheboygan police officer conducted a routine warrant check which showed an outstanding warrant for a parole violation. The plaintiff was then arrested by the Sheboygan officer and taken to the Sheboygan Police Department.

The plaintiff was convicted by a jury and is serving a sentence in the Waupun Correctional Institution. There have been two appeals relating to the plaintiff's conviction and the conviction has been upheld in the final appeal. On March 27, 2012, the Wisconsin Court of Appeals reversed an order of Marinette County Circuit Court granting the plaintiff's motion for a new trial based on ineffective assistance of counsel. (Affidavit of Martin J. De Vries [De Vries Aff.] ¶ 4, Exh. 2 at 1-2).

At the plaintiff's January 26, 2006, criminal trial, Ms. Thede testified that she consented to the officers' entrance into her apartment on May 31, 2005:

> Q: Did the detectives come in the apartment?
> A: Yes.
> Q: You let them in?
> A: Yes.

(Affidavit of Allen R. Brey [Brey Aff.] ¶ 6, Ex. 3 at 276:3-6). Ms. Thede also testified that she consented to the officers' search of her apartment:

> Q:You consented to the search of your apartment?
> A: Yeah.

(Brey Aff. ¶ 6, Ex. 3 at 277:17-18).

## IV. ANALYSIS

The defendants contend that the plaintiff has no valid claim for violation of constitutional rights based on the entry into Ms. Thede's apartment because she consented to the entry and search. They also contend that the plaintiff has no valid claim for violation of constitutional rights based on his arrest. The defendants further argue that

- 5 -

summary judgment is proper under Heck v. Humphrey, 512 U.S. 477 (1994). Lastly, the defendants contend that they are entitled to qualified immunity because they did not violate any clearly established law.

The plaintiff contends that a judgment in his favor would not necessarily imply the invalidity of his criminal conviction. He further maintains that there exists a genuine material factual dispute over whether Ms. Thede consented to the officers' entry into her apartment. He also contends that the defendants' arguments other than Heck are misplaced because the court gave leave to file a renewed summary judgment motion on the Heck issue only.[2]

In reply, the defendants acknowledge that Heck does not bar the plaintiff's Fourth Amendment claim. (Defendants' Reply Brief at 4). The defendants also contend that summary judgment should be granted because Ms. Thede consented to entry into her apartment, citing her testimony from the plaintiff's January 26, 2006, criminal trial. They assert that in Ms. Thede's January 15, 2010, affidavit, she attempts to explain away her trial testimony by claiming that she did not "let them in, but let them remain in," and that any attempts to change her sworn trial testimony should be stricken under the "sham affidavit" rule.

The plaintiff filed a motion for leave to file supplemental response brief along with a supporting brief and affidavit. (Docket # 75). The court construes this as a sur-reply and

---

[2] The plaintiff states that the instant motion for summary judgment is the defendants' third one filed in this case. As set forth herein, the defendants were granted leave to re-file their first summary judgment motion and it is identical to their second one except that the latter motion includes the proper notice and rules to the pro se plaintiff, as required under the Local Rules.

will grant the motion fo file this response brief.

## A.   Scope of the Defendants' Motion for Summary Judgment

The plaintiff contends that the defendants may not raise the issue of whether Ms. Thede consented to the officers' entry into her apartment because it is outside of the court-permitted scope of their motion for summary judgment.  He cites to the May 14, 2013, order, where the court stated that it would hold a status conference to determine whether the defendants "may file a renewed dispositve motion based on the outcome of the plaintiff's state criminal case or whether this case will proceed to trial."  (Order of May 14, 2013, at 1-2).

Following the June 12, 2013, status conference and based on the discussion at that conference, the court set a dispositive motion filing deadline for July 31, 2013.  The court's order does not limit the scope of any dispositive motions to the Heck issue.

In any event, the plaintiff does not cite any case law in support of his contention that the court should not permit the defendants to argue beyond Heck in their summary judgment motion.  The "very purpose" of the summary judgment motion is "to weed out unfounded claims, specious denials, and sham defenses[.]" Bank v. Illinois v. Allied Signal Safety Restraint Sys., 75 F.3d 1162, 1168-69 (7th Cir. 1996) (quoting Babrocky v. Jewel Food Co., 773 F.2d 857, 861 [7th Cir. 1985]).  The court has considerable discretion to permit renewed motions for summary judgment.  See Grayson v. O'Neill, 308 F.3d 808, 817 (7th Cir. 2002) (permitting a second summary judgment motion is essentially a decision concerning case management, and district court judges are in the best position

- 7 -

to make such decisions).

Here, the plaintiff is not prejudiced based on the court's consideration of the additional arguments because he had notice and an opportunity to respond to the defendants' arguments. Accordingly, the court will address the defendants' argument that the plaintiff has no valid claim for a violation of his constitutional rights based on the entry into Ms. Thede's apartment because she consented to the entry and search. The plaintiff contends that this issue is still in dispute.

## B.    Consent

In a prior decision and order, the court determined that the plaintiff's Fourth Amendment claims whether there was probable cause to arrest the plaintiff and whether the defendants had consent to search Ms. Thede's apartment could not be resolved at summary judgment because there was a factual dispute between the parties regarding whether Ms. Thede consented to their entrance into the apartment. (See Court's Decision and Order, March 11, 2011, at 5).[3]

Here, for the first time, the defendants present Ms. Thede's trial testimony where she testified that she consented to the officers' entry into her apartment and to their subsequent search of the apartment. The plaintiff insists that the issue is still in dispute based on Ms. Thede's January 15, 2010, affidavit, filed in support of the plaintiff's motion for summary judgment, in which she avers in relevant part:

---

[3] On October 29, 2010, the circuit court just reversed the plaintiff's criminal conviction and granted the plaintiff's motion for a new trial based on ineffective assistance of counsel. However, on March 27, 2012, the Wisconsin Court of Appeals reversed the order of the Marinette County Circuit Court granting the plaintiff's motion for a new trial.

- 8 -

18. On January 26, 2006 I was called to testify at Mr. Cook's criminal trial.

19. In those criminal proceedings, I was asked the question by the District Attorney "did the detectives come into your apartment." I responded "yes."

20. I was then asked "did you let them in [sic]?" and I responded "yes."

21. However this response was given in the context of me meaning that once the police officers had already entered the apartment, I did not tell them to leave or did not object directly to them, but let them remain.

22. It was never my intent to give them permission to enter my apartment and it was only after the fact that I did not object.

(Affidavit of Stacy Thede, January 25, 2010, ¶¶ 18-22).

The defendants maintain that Ms. Thede's affidavit is barred by the "sham affidavit" rule to the extent she claims that she did not consent to entry into her apartment. The plaintiff contends that Ms. Thede's affidavit is not barred because it merely serves to clarify her trial testimony.

The "sham affidavit" rule prohibits litigants from creating sham issues of fact with affidavits that contradict their prior sworn testimony. Bank of Illinois, 75 F.3d at 1168-69 ("We have long followed the rule that parties cannot thwart the purposes of Rule 56 by creating 'sham' issues of fact with affidavits that contradict their prior depositions.") (citations omitted). This is not to say that a declaration or affidavit that contradicts prior testimony can never create an issue of fact. A contradictory affidavit may be allowed when it is used to clarify ambiguous or confusing testimony, or when it is based on newly-discovered evidence. Id. at 1171-72. Such an affidavit or declaration may also be considered where evidence is offered to show that the prior statement "was mistaken, perhaps because the question was phrased in a confusing manner or because a lapse of memory is in the circumstances a plausible explanation for the discrepancy." Cowan v.

- 9 -

Prudential Ins. Co. of America, 141 F.3d 751, 756 (7th Cir. 1998) (quoting Russell v. Acme-Evans Co., 51 F.3d 64. 68 [7th Cir. 1995]).

Here, Ms. Thede testified unequivocally that she consented to the officers' entrance into her apartment. She was asked a direct question and she answered directly. The plaintiff's contention, reflected in Ms. Thede's affidavit, that she sought to clarify her testimony rings hollow. Additionally, her explanation that she meant that she consented to them remaining in her apartment, but never consented to the initial entrance, is inconsistent with her trial testimony. Thus, the court concludes that Ms. Thede's affidavit is entitled to no weight regarding the consent issue.

Thus, the undisputed facts establish that Ms. Thede consented to the officers' entrance into her apartment. See Sparing v. Village of Olympia Fields, 266 F.3d 684, 688 (7th Cir. 2001) (citing Payton v. New York, 445 U.S. 573, 585-90 [1980]) (police officers may not constitutionally enter a home without a warrant to effectual an arrest, absent consent or exigent circumstances). Once inside, she consented to a search of her apartment. See United States v. Johnson, 427 F.3d 1053, 1056 (7th Cir. 2005) (Fourth Amendment's probable cause and warrant requirements do not apply where an authorized party voluntarily consents to a search).[4] Then, the Sheboygan officers arrested the plaintiff pursuant based on an outstanding warrant for parole violation. The plaintiff does not challenge the validity of the warrant.

Based on the foregoing, the defendants' motion for summary judgment on the plaintiff's Fourth Amendment claims will be granted. As such, there is no need to consider

---

[4] The legality of the plaintiff's search claim is based on whether the defendants had consent to enter Ms. Thede's apartment.

Case 2:09-cv-00087-PJG   Filed 01/06/14   Page 10 of 11   Document 76

the defendants' remaining arguments.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to file supplemental response brief be and hereby is **granted**.  (Docket 75).

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment be and hereby is **granted**.  (Docket 66).

**IT IS ALSO ORDERED** that the Clerk of Court shall enter judgment dismissing the plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin this 6th day of January, 2014.

BY THE COURT:


 s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

- 11 -